UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11302
Summary Calendar
_____

BOBBIE J. ANDERSON,

Plaintiff-Appellant,

versus

DALLAS AREA RAPID TRANSIT,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1834-R

May 6, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[1]

Bobbie Anderson, *pro se*, appeals the summary judgment in favor
of Dallas Area Rapid Transit (DART).

Anderson, a former transit officer for DART was terminated
following an incident whereby Anderson, while off-duty, followed a
Jeep, and, *inter alia*, exchanged words with the occupants and drew
his DART-issued firearm.  Following his termination, Anderson

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protested through DART's dispute resolution process, which included review by a Management Appeals Committee. Anderson's request for reinstatement was ultimately denied.

Anderson then filed this action against DART, claiming racial discrimination and retaliation, in violation of Title VII, 42 U.S.C. § 2000e et seq., and constitutional violations under 42 U.S.C. §§ 1981, 1983, 1985, together with Texas common law claims. The parties consented for the case to be transferred to a magistrate judge. Subsequently, DART's summary judgment motion was granted.

Anderson asserts essentially that the district court erred in finding that he had not presented a material fact issue regarding discriminatory pretext in his termination; that DART reasonably believed Anderson violated a work rule; and that DART is not a "person" within the meaning of § 1983. Having reviewed the record and the briefs, and pursuant to FED. R. CIV. P. 56, we affirm for essentially the reasons stated by the district court in its comprehensive and well-reasoned opinion. *See **Anderson v. Dallas Area Rapid Transit***, CA3:97-CV-1834-BC (N.D.Tex. Sept. 29, 1998).[2]

**AFFIRMED**

---

[2]DART advises it intends to seek fees and expenses on the basis that this appeal is frivolous. Such relief is **DENIED.**

2